IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBXCHANGE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-133-JJF |
| ) | |
| FEDEX CORPORATION, FEDEX KINKO'S ) | DEMAND FOR JURY TRIAL |
| OFFICE & PRINT SERVICES, INC., and ) | |
| FEDEX CORPORATE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT SERVICES, INC., and FEDEX CORPORATE SERVICES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF WEBXCHANGE, INC.'S COMPLAINT**

Defendants FedEx Corporation, FedEx Kinko's Office & Print Services, Inc. ("FedEx Kinko's"), and FedEx Corporate Services, Inc. ("FedEx Services") (collectively "FedEx") respectfully submit this answer and these affirmative defenses to the Complaint filed by Plaintiff WebXchange, Inc. ("Plaintiff"), as well as their counterclaims against Plaintiff, and state as follows:

**JURISDICTION AND VENUE**

1. FedEx admits that Plaintiff alleges patent infringement under Title 35 of the United States Code and that this Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a), but denies that it has committed any acts of infringement.

2. FedEx admits that FedEx Corporation and FedEx Services are incorporated in the state of Delaware, have transacted business in this district, and are subject to personal jurisdiction in this district.

1

3. FedEx admits that FedEx Kinko's operates business locations, has transacted business in this district, and is subject to personal jurisdiction in this district. FedEx denies the remaining allegations of Paragraph 3 of the Complaint.

4. FedEx admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## THE PARTIES

5. FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies the same.

6. FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7. FedEx admits the allegations of Paragraph 7 of the Complaint.

8. FedEx admits the allegations of Paragraph 8 of the Complaint.

9. FedEx admits the allegations of Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10. FedEx admits that, on its face, U.S. Patent No. 5,778,178 ("the '178 patent") is entitled "Method And Apparatus For Enabling Real-Time Bi-Directional Transactions On A Network." FedEx further admits that, on its face, the '178 patent appears to have issued on July 7, 1998, and lists "Lakshmi Arunachalam" as the named inventor. FedEx further admits that Exhibit A purports to be a copy of the '178 patent. FedEx is without knowledge or information to form a belief as to the assignment of the '178 patent and therefore denies the same. FedEx denies the remaining allegations of Paragraph 10 of the Complaint.

11. FedEx admits that, on its face, U.S. Patent No. 6,212,556 ("the '556 patent") is entitled "Configurable Value-Added Network (VAN) Switching." FedEx further admits that, on its face, the '556 patent appears to have issued on April 3, 2001, lists "Lakshmi Arunachalam" as

the named inventor, and lists "WebXchange, Inc." as the assignee. FedEx further admits that Exhibit B purports to be a copy of the '556 patent. FedEx denies the remaining allegations of Paragraph 11 of the Complaint.

12. FedEx admits that, on its face, U.S. Patent No. 7,340,506 ("the '506 patent") is entitled "Value-Added Network Switching And Object Routing." FedEx further admits that, on its face, the '506 patent appears to have issued on March 4, 2008, lists "Lakshmi Arunachalam" as the named inventor, and lists "WebXchange, Inc." as the assignee. FedEx further admits that Exhibit C purports to be a copy of the '506 patent. FedEx denies the remaining allegations of Paragraph 12 of the Complaint.

13. FedEx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies the same.

14. FedEx admits that FedEx Kinko's operates numerous stores that provide document solutions throughout the U.S. and within this judicial district. FedEx denies that FedEx Corporation or FedEx Services operates numerous digitally connected stores that provide document solutions. Due to the vague and ambiguous nature of the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint and therefore denies the same.

### ANSWER TO PLAINTIFFS' INFRINGEMENT ALLEGATIONS

15. FedEx hereby incorporates by reference its responses to Paragraphs 1–14 of the Complaint above as if fully set forth herein.

16. FedEx denies the allegations of Paragraph 16 of the Complaint.

17. FedEx denies the allegations of Paragraph 17 of the Complaint.

18. FedEx hereby incorporates by reference its responses to Paragraphs 1–17 of the Complaint above as if fully set forth herein.

19. FedEx denies the allegations of Paragraph 19 of the Complaint.

20. FedEx denies the allegations of Paragraph 20 of the Complaint.

21. FedEx hereby incorporates by reference its responses to Paragraphs 1–20 of the Complaint above as if fully set forth herein.

22. FedEx denies the allegations of Paragraph 22 of the Complaint.

23. FedEx denies the allegations of Paragraph 23 of the Complaint.

## ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF

24. FedEx denies that Plaintiff is entitled to any of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs are not entitled to any relief against FedEx because FedEx does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '178, '556, or '506 patent.

### SECOND AFFIRMATIVE DEFENSE

2. Claims of the '178, '556, and '506 patents are invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. § 100 *et seq*, including, without limitation, 35 U.S.C. §§ 101-103 and 112.

### THIRD AFFIRMATIVE DEFENSE

3. On information and belief, Plaintiff is barred in whole or in part from asserting the '178, '556, or '506 patent against FedEx under the doctrine of laches, equitable estoppel, or both.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' claims for damages, if any, against FedEx are statutorily limited by 35 U.S.C. § 286 and/or §287.

**COUNTERCLAIMS**

As for its counterclaims against Plaintiffs, FedEx Corporation complains as follows:

1. Defendant FedEx Corporation is a corporation organized under the laws of the State of Delaware and has a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120.

2. Defendant FedEx Kinko's Office & Print Services, Inc. is a corporation organized under the laws of the State of Texas and has a principal place of business at Three Galleria Tower, Suite 1600, 13155 Noel Road, Dallas, TX 75240.

3. Defendant FedEx Corporate Services, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

4. On information and belief, Plaintiff WebXchange, Inc. is a Delaware corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

6. The Court has personal jurisdiction over Plaintiffs at least because Plaintiffs have availed themselves of this Court.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)-(c).

## FIRST COUNTERCLAIM

(For Declaratory Judgment of Non-Infringement)

8. FedEx realleges and incorporates herein by reference each and every preceding paragraph.

9. In Paragraphs 13-14 of its Complaint, Plaintiff has made general allegations that certain claims of U.S. Patent No. 5,778,178 ("the '178 patent"), U.S. Patent No. 6,212,556 ("the '556 patent"), and U.S. Patent No. 7,340,506 ("the '506 patent") are infringed by FedEx through the use of "File Print FedEx Kinko's."

10. Plaintiff's actions and allegations have created a case or controversy between FedEx and Plaintiff.

11. FedEx is not infringing, and has not infringed directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '178, '556, or '506 patent.

12. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy Plaintiffs' accusations have precipitated, FedEx is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the accused FedEx methods and systems do not infringe any valid and asserted claim of the '178, '556, or '506 patent.

## SECOND COUNTERCLAIM

(For Declaratory Judgment of Invalidity)

13. FedEx realleges and incorporates herein by reference each and every preceding paragraph.

14. The asserted claims of the '178, '556, and '506 patents are invalid, *inter alia*, for at least one of the following reasons: they are anticipated under 35 U.S.C. § 102; they would have

been obvious under 35 U.S.C. § 103; they fail to comply with one or more of the requirements of 35 U.S.C. § 112; or the specification fails to comply with 35 U.S.C. § 112, first paragraph.

15. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy Plaintiffs' accusations have precipitated, FedEx is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the '178, '556, and '506 patents are invalid.

## EXCEPTIONAL CASE

16. To the extent this case is an exceptional case under 35 U.S.C. § 285, FedEx is entitled to recover from Plaintiff FedEx's attorney fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, FedEx respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration that FedEx does not infringe any valid and asserted claim of U.S. Patent Nos. 5,778,178, 6,212,556, or 7,340,506;

B. A declaration that U.S. Patent Nos. 5,778,178, 6,212,556, and 7,340,506 are invalid;

C. Dismissal of all of Plaintiffs' claims in their entirety with prejudice;

D. A declaration that Plaintiffs take nothing by way of its Complaint;

E. An order awarding FedEx its costs pursuant to 35 U.S.C. § 284;

F. An order finding that this is an exceptional case and awarding FedEx its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G. An order awarding FedEx such other and further relief as the Court may deem appropriate and just under the circumstances.

OF COUNSEL:

Kara F. Stoll
Jason W. Melvin
Joyce Craig
Finnegan Henderson Farabow
  Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC  20001-4413

Jeffrey A. Berkowitz
Finnegan Henderson Farabow
  Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675

Dated:  April 25, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on April 25, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Lawrence B. Goodwin
Peter J. Toren
Charlotte A. Pontillo
Stefan R. Stoyanov
Eric J. Stieglitz
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY  10019

Anne Shea Gaza (#4093)
gaza@rlf.com