IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-131 (JJF) |
| v. | ) ) | |
| ALLSTATE INSURANCE COMPANY, ALLSTATE LIFE INSURANCE COMPANY, and ALLSTATE FINANCIAL SERVICES LLC. | ) ) ) ) ) | |
| Defendants. | ) ) | |
| WEBXCHANGE INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-132 (JJF) |
| v. | ) ) | |
| DELL INC., | ) ) | |
| Defendant. | ) | |
| WEBXCHANGE INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-133 (JJF) |
| v. | ) ) | |
| FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT SERVICES, INC., and FEDEX CORPORATE SERVICES INC., | ) ) ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY ORDERED that:

1.    The above-captioned cases concern technology relating to transactions on digital networks. The Parties in the above-captioned cases assert that documents and things that are being requested in discovery involving their technology and corporate information reveal highly sensitive and confidential information that is purposely protected from disclosure to the public and that, if disclosed, would damage the Parties.

2.    Therefore, good cause exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in these cases.

3.    A substantial volume of materials is being sought, and is expected to be sought, in discovery in these actions from the Parties and third parties that includes confidential and sensitive commercial information. The Parties believe that this confidential information includes, but is not limited to, sensitive financial information, including sales information, and sensitive technical information.

4.    The party producing such information (the "Producing Party") would suffer serious competitive harm if the information identified above or other sensitive information were made available to its customers, competitors, or to the public.

5.    The Producing Party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information.

6.    This Protective Order shall govern the handling of documents, electronically stored information, tangible objects, materials or things, deposition testimony (if any), deposition exhibits (if any), and all other written, recorded, or graphic matter produced in the above actions, whether produced pursuant to any applicable rules, a written discovery request or subpoena, and/or used during the trial or any proceeding in these actions ("Covered Material").

7.    In responding to a request for discovery, any party or third party may designate for confidential treatment pursuant to this Protective Order any Covered Material that it considers to

contain trade secrets or other sensitive business, commercial, or technical information ("Confidential Material").

8.     In responding to a request for discovery, any party or third party may designate for highly confidential treatment pursuant to this Protective Order any Covered Material that it considers to contain trade secrets or other confidential information that is entitled to a higher level of protection than Confidential Material due to its commercial sensitivity and the likelihood of harm resulting from its disclosure ("Highly Confidential Material").

9.     Confidential Material and Highly Confidential Material shall only be used for purposes of the above-captioned actions.  Confidential Material and Highly Confidential Material shall not be used in any other litigation, arbitration or administrative or judicial proceeding without prior written authorization by the Producing Party or order of the Court.

10.    The designation of Covered Material as Confidential Material for purposes of this Protective Order shall be made in the following manner:

        a.     In the case of documents or other materials (apart from depositions): by affixing the legend "Confidential" to each page containing any Confidential Material, except that, in the case of multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Material; and

        b.     In the case of information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), by affixing the legend "Confidential" on the medium, if possible, and its container, if any, so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the Confidential Material contained therein.  If any items produced in a non-paper medium are printed out by the party receiving the material (the "Receiving Party"), the Receiving Party must mark each page of the printed version with the confidentiality designation; and

        c.     In the case of depositions or other proceedings on the record, including the trial: (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the

- 2 -

final transcript thereof (in the interim all deposition transcripts and testimony should be treated as Highly Confidential); and in both of the foregoing instances, by directing that the legend "Confidential" be affixed to the first page of the original and all copies of the transcript containing any Confidential Material.

11.     Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

a.     Two representatives of each Party, who may be officers, directors or employees of the Party and who must be designated in writing in advance of receiving Confidential Material;

b.     Counsel, including outside and in-house counsel, for any of the Parties in the above-captioned actions, and any persons assisting such counsel in these actions including support staff;

c.     Outside service organizations, including any individual or organization that provides photocopying, document processing or other document-related services, data management support, translation, graphics services, or trial support (including jury consultants and mock jurors) as part of discovery or preparation and trial of these actions, or an individual or organization that provides consulting services related to an accused instrumentality;

d.     Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Confidential Information, or a person as to whom it had been reasonably established is an author or recipient of such information prior to the intended disclosure in these actions.

e.     Experts or consultants retained for the purpose of assisting the Parties or their counsel in these actions, provided that such experts or consultants agree in writing by signing Exhibit A, to be bound by this Protective Order;

f.     Witnesses at deposition or trial, and their counsel, or persons who are reasonably likely to be called as witnesses, and their counsel, in these actions;

g.     Court reporters involved in taking or transcribing testimony in these actions;

h.     The Court;

           i.       Other persons only upon order of the Court or upon written agreement of the signatories hereto.

      12.      The designation of Covered Material as Highly Confidential Material for purposes of this Protective Order shall be made in the following manner:

          a.       In the case of documents or other materials (apart from depositions): by affixing the legend "Highly Confidential" to each page containing any Highly Confidential Material, except that, in the case of multi-page documents bound together by staple or other binding, the words "Highly Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Highly Confidential Material; and

          b.       In the case of information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), by affixing the legend "Highly Confidential" on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Highly Confidential Material contained therein. If any items produced in a non-paper medium are printed out by the Receiving Party, the Receiving Party must mark each page of the printed version with the confidentiality designation; and

          c.       In the case of depositions or other proceedings on the record, including the trial: (1) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof (in the interim all deposition transcripts and testimony should be treated as highly confidential); and in both of the foregoing instances, by directing that the legend "Highly Confidential" be affixed to the first page of the original and all copies of the transcript containing any Highly Confidential Material.

      13.      Highly Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

          a.       Counsel, including outside and in-house counsel, for any of the parties in the above-captioned actions, and any persons assisting such counsel in these actions including support staff;

b.      Outside service organizations, including any individual or organization that provides photocopying, document processing or other document-related services, data management support, translation, graphics services, or trial support (including jury consultants and mock jurors) as part of discovery or preparation and trial of these actions, or an individual or organization that provides consulting services related to an accused instrumentality;

c.      Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Highly Confidential Information, or a person as to whom it has been reasonably established is an author or recipient of such information prior to the intended disclosure in these actions;

d.      Experts or consultants retained for the purpose of assisting the Parties or their counsel in the above-captioned actions, provided that such consultants or experts agree in writing to be bound by this Protective Order and are not presently and have no current plans to become employees of a party;

e.      Court reporters involved in taking or transcribing testimony in the above-captioned actions;

f.      The Court; and

g.      Other persons only upon order of the Court or upon the written agreement of the signatories hereto.

14.      Notwithstanding the provisions set forth in paragraph 13, the Parties have agreed that, on a case-by-case basis and only for the purposes of settlement discussions, summaries of financial information prepared by outside counsel, even if designated as or derived from Highly Confidential Material, may be disclosed, summarized, described, or otherwise communicated or made available to party representatives responsible for making settlement decisions. Before any such summary is prepared, the party seeking to prepare the summary must notify the other Parties in writing, identifying the information and/or documents that would be summarized and explaining why such summary is necessary.

15.      Other than court personnel, every person given access to Confidential Material or Highly Confidential Material, or information contained therein, shall be advised that the material or

- 5 -

information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in paragraphs 11(e) and 13(d) above who are given access to Confidential Material or Highly Confidential Material or information contained therein shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and dating a copy of Exhibit A. Such signed agreements shall be served on the relevant Producing Party at least seven (7) business days before any expert, consultant or other person listed in paragraphs 11(e) and 13(d) is given access to Confidential Material or Highly Confidential Material or information. Within seven (7) business days after such notification, counsel for the party that produced the Confidential Material or Highly Confidential Material may object to the disclosure of its Confidential Material or Highly Confidential Material. If such objection is made, the Parties shall use their best efforts to promptly resolve the dispute, but if the Parties are unable to reach a resolution, the Producing Party may move for a protective order precluding the disclosure of the information to such Expert within seven (7) business days after the notification. Where objection is made, no such information shall be disclosed to such Expert until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying the Producing Party's motion for protection.

16. Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys from:

(a) showing a document designated as Confidential Material or Highly Confidential Material to an individual who either prepared or reviewed the document prior to the filing of these actions, or is shown by the document to have received the document; or

(b) disclosing or using by the Producing Party, in any manner or for any purpose, any information or documents from the Producing Party's own files that the party itself has designated as Confidential Material or Highly Confidential Material; or

(c) disclosing or using, in any lawful manner or for any lawful

purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such

- 6 -

information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as Confidential Material or Highly Confidential Material.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Material or Highly Confidential Material consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

17.     If any person who has obtained Confidential Material or Highly Confidential Material under the terms of this Protective Order is served with a subpoena commanding the production of any Confidential Material or Highly Confidential Material, such person shall promptly notify counsel for the party that produced the Confidential Material or Highly Confidential Material and shall not produce any Confidential Material or Highly Confidential Material in response to the subpoena before such notification and for ten (10) business days thereafter.  Within ten (10) business days after such notification, counsel for the party that produced the Confidential Material or Highly Confidential Material may seek to prevent production of the Confidential Material or Highly Confidential Material in accordance with Local Rules.  If such request to the Court is made, then the Confidential Material or Highly Confidential Material shall not be produced until the Court rules.  If no such request to the Court is made, then the Confidential Material or Highly Confidential Material may be produced.

18.     Any person who has obtained or reviewed under the terms of this Protective Order any Highly Confidential Material shall not thereafter prosecute, file, supervise, or assist in any way in the prosecution of any patent application, U.S. or foreign, related to U.S. Patent Nos. 5,778,178, 6,212,556, and/or 7,340,506.  For purposes of this paragraph, prohibited patent prosecution shall include, without limitation: preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above prohibited patent prosecution matters with others performing these activities.

19.     Highly Confidential Material shall not be disclosed to Lakshmi Arunachalam, nor to any other individual whose Rule 56 obligation to the U.S.P.T.O. would require the disclosure of material information in the prosecution of continuation applications related to U.S. Patents

5,778,178, 6,212,556, or 7,340,506.  For the purposes of this paragraph, the summaries prepared by outside counsel pursuant to paragraph 14 are not considered Highly Confidential Information.

20.     Access to computer source code will be governed by the U.S. District Court for the District of Delaware's Default Standard for Access to Source Code, which is attached to this Order as Exhibit B.

21.     Entering into, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of any material it considers not subject to discovery or to challenge any objection asserted by any other party.

22.     In the event additional parties join or are joined in these actions, they shall not have access to Confidential Material or Highly Confidential Material until the newly-joined party by its counsel has stipulated to the terms of this Protective Order.

23.     Any pleading, motion, brief, appendix, or other paper containing Confidential Material or Highly Confidential Material of a Producing Party other than the party filing such paper shall be filed under seal pursuant to Local Court Rule 5.1.3.

24.     Within forty-five (45) days after the final resolution of these actions, with the exclusion of the Court and any Court personnel, all other persons having received Confidential Material or Highly Confidential Material shall return such material and all copies thereof to counsel for the party that produced it or shall certify to such counsel that such material has been destroyed. Outside counsel for the Parties shall be entitled to retain court papers, deposition and hearing transcripts, and attorney work product containing Confidential Material or Highly Confidential Material, provided that such outside counsel and their employees shall not disclose such papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Material or Highly Confidential Material.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

25.     A party may object to the "Confidential" or "Highly Confidential" designation within a reasonable time after the facts on which the objection is based are known.  The objection (the "Notice") shall be made in writing to counsel for the party that produced the Confidential Material or

- 8 -

Highly Confidential Material.  The Notice shall have attached a copy of such designated material or shall identify each document by production number and shall (i) state that the receiving party objects to the designation, (ii) set forth the particular reasons for such objection, and (iii) state specifically what use the challenging party wishes to make of the Confidential Material or Highly Confidential Material that would otherwise be prohibited under this Protective Order.  If the Parties cannot resolve the objection within ten (10) business days after service of the Notice, it shall be the obligation of the party challenging the designation of the information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential Material," or "Highly Confidential Material," shall bear the burden of establishing that good cause exists for maintaining the designation.

26.     All materials whose designation is objected to shall continue to be treated as Confidential Material or Highly Confidential Material while such request to the Court is pending.

27.     Failure to designate Covered Material as Confidential Material or Highly Confidential Material at the time of production shall not waive a party's right to add a "Confidential" or "Highly Confidential" designation later.  However, no party shall be deemed to have violated this Protective Order if, prior to any later designation, Covered Material has been disclosed or used in a manner inconsistent with such later designation.    Once a "Confidential" or "Highly Confidential" designation is made, the Covered Material shall be treated, respectively, as Confidential Material or Highly Confidential Material.

28.     Should a party withhold documents on the basis of third-party confidentiality obligations, that party will provide to the Requesting Party: (1) the name of the third party; (2) the nature of the withheld information; (3) the dates of the documents; and (4) any efforts made to obtain the permission of the third party to produce the confidential information.

29.     This Protective Order has no effect upon, and shall not apply to, any party's use of its own Confidential Material or Highly Confidential Material for any purpose.

30.     The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not

- 9 -

limited to the attorney-client privilege or work-product doctrine.  Rule 26(b)(5)(B), Fed. R. Civ. P., shall apply.

      31.     This Protective Order may be modified by written agreement or, failing such agreement, by order of the Court, which shall be binding on all others bound by the terms of this Protective Order.

      32.     This Protective Order shall be construed, interpreted, and governed in accordance with the laws of the State of Delaware.

      33.     The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.  The Parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection from discovery or use of Confidential Information, Highly Confidential Information, or source code, or (iii) seeking further production, discovery, disclosure, or use of claimed Confidential Information, Highly Confidential Information, or source code.

      34.     This Protective Order shall become effective when it becomes an order of the Court.

      **IT IS SO ORDERED** this _____ day of November, 2008.

                                    United States District Judge

2577461

- 10 -

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-131 (JJF) |
| v. | ) ) | |
| ALLSTATE INSURANCE COMPANY, ALLSTATE LIFE INSURANCE COMPANY, and ALLSTATE FINANCIAL SERVICES LLC. | ) ) ) ) ) | |
| Defendants. | ) ) | |
| WEBXCHANGE INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-132 (JJF) |
| v. | ) ) | |
| DELL INC., | ) ) | |
| Defendant. | ) | |
| WEBXCHANGE INC., | ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-133 (JJF) |
| v. | ) ) | |
| FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT SERVICES, INC., and FEDEX CORPORATE SERVICES INC., | ) ) ) ) | |
| Defendants. | ) | |

**UNDERTAKING OF** _____

I hereby acknowledge that I have reviewed a copy of the Protective Order, dated _____, 2008, and that I will comply with the terms of said Protective Order in all respects. Specifically, I agree not to disclose any confidential information made available to me other than in accordance with said Order. I further submit to the jurisdiction of this Court for purposes of the Protective Order in this action.

Dated: _____          _____

## EXHIBIT B

## DEFAULT STANDARD FOR ACCESS TO SOURCE CODE

Absent agreement among the parties, the following procedures shall apply to ensure secure access to source code:

1.      A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer.

2.      The stand-alone computer shall be password protected and supplied by the source code provider.

3.      The stand-alone computer shall be located with an independent escrow agent, with the costs of such to be shared by the parties. If the parties cannot agree on such an agent, each party shall submit to the court the name and qualifications of their proposed agents for the court to choose.

4.      Access to the stand-alone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) outside counsel representing the requesting party and two (2) experts retained by the requesting party, all of whom have been approved under the protective order in place. No one from the provider shall have further access to the computer during the remainder of discovery.

5.      Source code may not be printed or copied without the agreement of the producing party or further order of the court.

6.      The source code provider shall provide a manifest of the contents of the stand-alone computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file escrowed on the computer.

7.      The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

8.      If the court determines that the issue of missing files needs to be addressed, the source code provider will include on the stand-alone computer the build scripts, compilers, assemblers, and

- 1 -

other utilities necessary to rebuild the application from source code, along with instructions for their use.