## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

November 14, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE  19801

      Re:    *WebXchange Inc. v The Allstate Corporation, et al.*, C.A. No. 08-131 (JJF)
              *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132 (JJF)
              *WebXchange Inc. v. Fedex Corporation, et al.*, C.A. No. 08-133 (JJF)

Dear Judge Farnan:

      We submit this letter regarding the parties' source code dispute on behalf of Plaintiff WebXchange Inc. ("WebXchange"), pursuant to the Court's November 10, 2008 Order. The parties have agreed to use Judge Robinson's Default Standard for Access to Source Code. The parties have also selected a source code escrow agent. The remaining dispute concerns how the parties will split the costs of the source code escrow agent. WebXchange respectfully asks that the costs be shared equally and fairly between WebXchange and the three Defendants, Allstate Corporation, Dell Computer Inc., and Federal Express Corporation ("Defendants.") By contrast, Defendants wish to shift the majority of the cost to WebXchange.

      The parties have met and conferred concerning the details of source code production since May of this year. In early September, and pursuant to the Defendants' request, the parties agreed to use Judge Robinson's Default Standard for Access to Source Code ("The Default Standard.") The portions of the Default Standard relevant to the fee sharing dispute include that:

      1.    A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer.

      2.    The stand-alone computer shall be password protected and *supplied by the source code provider*.

The Honorable Joseph J. Farnan, Jr.
November 14, 2008
Page 2

> 3. The stand-alone computer shall be located with an independent escrow agent, with *the costs of such to be shared by the parties.*

(Default Standard for Access to Source Code, Exhibit B to the Protective Order.) There are two aspects to the fee dispute, and we will address each in turn.

### A.  *Defendants Should be Responsible for the Cost of the Escrow Computer*

WebXchange requests that the Defendants bear the cost of supplying the "stand-alone" computer on which the source code is made available for inspection.

Defendants have obtained a quote from the escrow agent, NCC, to provide the stand-alone computer, at a cost of $3100. The Default Standard instructs that the source code provider — in this case, the respective Defendants — shall "supply" that computer. Accordingly, the Defendants should bear the entire cost of supplying the computer, whether they provide one themselves or, as they are doing here, purchase one from the escrow agent. In exchange, WebXchange has offered to bear the costs of any printer or other optional equipment that WebXchange may wish to use.

| Amount/Service | WebXchange Proposal | Defendants Proposal |
|---|---|---|
| Computer Equipment - $3100 | 100% producing party | 50% WebXchange; 17% each Defendant |
| Printer/Other Equipment - $600 (optional) | 100% reviewing party | 50% WebXchange; 17% each Defendant |

### B.  *The Parties Should Share Equally the Remaining Costs of the Escrow Agent*

WebXchange also requests that the parties share the remaining escrow costs equally. By contrast, Defendants propose a cost-sharing agreement under which WebXchange will pay three times as much as each Defendant. The parties' respective proposals are set forth in a table, below.

WebXchange's proposal, which allocates the expenses equally between the four parties, is fair for several reasons. WebXchange's proposal is consistent with the Default Standard, which instructs that the costs of the escrow agent are "shared by the parties." Splitting the costs equally is also very reasonable considering that the escrow agreement is for the exclusive benefit of — and made at the insistence of — the Defendants. WebXchange has agreed to produce its own source code directly to Defendants' counsel, which eliminates Defendants' travel expenses associated with visiting an escrow facility. By contrast, WebXchange will have to pay travel expenses *each time* it wishes to review the code. Finally, Defendants argue that because this case was originally three separate cases that were consolidated for the purposes of discovery, WebXchange should bear the majority of the escrow costs. But the purpose behind consolidation includes reducing the costs for *all* parties, not merely Defendants. Considering that Defendants wish to make WebXchange bear three times the cost of each Defendant, while at the same time Defendants' counsel get unlimited access to both WebXchange's code and their

The Honorable Joseph J. Farnan, Jr.
November 14, 2008
Page 3

own code (each Defendant has provided its own code to its own counsel), WebXchange's cost-sharing proposal is extremely reasonable.

Accordingly, WebXchange respectfully requests that the Court order the parties to split the costs of the escrow agent equally between the four parties.

| Amount/Service | WebXchange Proposal | Defendants Proposal |
| --- | --- | --- |
| Initial Set Up - $2,500.00 | 25% each party | 50% WebXchange; 17% each Defendant |
| Review Room - $2,500/wk (one-week minimum) | 25% each party | 50% WebXchange; 17% each Defendant |
| Technical Assistance (as needed) - $350/hr | 25% each party | 50% WebXchange; 17% each Defendant |
| Officer Time - $80.00/hr (as required) | 25% each party | 50% WebXchange; 17% each Defendant |
| Weekly minimum (Storage and Retainer) - $250.00/wk | 25% each party | 50% WebXchange; 17% each Defendant |
| Producing Party Fee -- $1250[1] | 25% each party | 100% Defendants |
| Software for Review Computer -- $2000[1] | 25% each party | 50% WebXchange; 17% each Defendant |

    C.    *Estimated Time to Complete Source Code Discovery and Review*

We expect that Defendants will produce their source code within the next week or two weeks.

WebXchange will endeavor to complete its review of the three Defendants' source code as quickly as possible, however the exact amount of time it will take depends on factors that are unknown to WebXchange, including: the volume of code that will be produced, whether the production is complete, and whether explanatory documents concerning the source code will be found in Defendants' document productions. We note that all three Defendants produced the bulk of their document productions only recently (in fact, Dell produced over three hundred thousand pages just today, a number that dwarfs its previous production), which means that WebXchange has been unable to complete a through review of these productions so far. Accordingly, we ask for a scheduling conference in December, at which time the parties can propose a revised case schedule

---

[1]    The parties became aware of the Software and Producing Party Fees very recently and have not discussed how to divide them. Defendants have proposed to pay the $1250 Producing Party fees. WebXchange also agrees to split those fees equally with the three Defendants.

The Honorable Joseph J. Farnan, Jr.
November 14, 2008
Page 4

* * *

For the reasons stated above, WebXchange respectfully requests that the Court adopt WebXchange's proposal.

Respectfully,

*Julia Heaney*

Julia Heaney (#3052)

JH/bac
2592575

cc: Clerk, U.S. District Court (by e-mail)
    Elizabeth M. McGeever (by e-mail)
    Richard L. Horwitz (by e-mail)
    Federick L. Cottrell, III (by e-mail)