```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

WEBXCHANGE INC.,                       :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :   C.A. No. 08-132-JJF
                                       :
DELL INC.                              :
                                       :
          Defendant.                   :
_____
                                       
WEBXCHANGE INC.,                       :
                                       :
          Plaintiff                    :
                                       :
     v.                                :   C.A. No. 08-133-JJF
                                       :
FEDEX CORPORATION, FEDEX KINKO'S       :
OFFICE & PRINT SERVICES, INC., and     :
FEDEX CORPORATE SERVICES INC.,         :
                                       :
          Defendants.                  :
_____

Lawrence B. Goodwin, Esquire; Peter J. Toren, Esquire; Charlotte Pontillo, Esquire; Stefan R. Stoyanov, Esquire; and Eric J. Stieglitz, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, New York, New York.
Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Kara F. Stoll, Esquire; Joyce Craig, Esquire; and Jason W. Melvin, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, New York, New York.
Jeffrey A. Berkowitz, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, Reston, Virginia.
Frederick L. Cottrell, III, Esquire and Anne Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A. , Wilmington, Delaware.

Attorneys for Defendants Fedex Corporation, Fedex Kinko's Office & Print Services, Inc., and Fedex Corporate Services, Inc.

Christopher V. Ryan, Esquire and Efren Garcia, Esquire of VINSON & ELKINS L.L.P., Austin, Texas.
Richard L. Horowitz, Esquire and David E. Moore, Esquire of

POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

Attorneys for Defendant Dell. Inc.

---

**MEMORANDUM OPINION**

December  30 , 2009
Wilmington, Delaware

*Joseph J Farnan Jr.* [signature]

**Farnan, District Judge.**

Presently before the Court is Defendants' Motion To Bifurcate, And For Early Trial On, The Issue Of Inequitable Conduct (C.A. No. 08-132-JJF, D.I. 85; C.A. No. 08-133-JJF, D.I. 108). Also before the Court is Plaintiff's Motion For Leave To File A Surreply (C.A. No. 08-132-JJF, D.I. 116; C.A. No. 08-133-JJF, D.I. 140). For the reasons discussed, the Court will deny Defendants' Motion and grant Plaintiff's Motion.

**I. Background**

On March 5, 2008, Plaintiff WebXchange Inc. ("Plaintiff") initiated separate patent infringement actions against the following Defendants: Allstate Insurance Company, Allstate Life Insurance Company, and Allstate Financial Services LLC ("Allstate")[1]; Dell Inc.[2]; and Fedex Corporation, Fedex Kinko's Office & Print Services, Inc., and Fedex Corporate Services Inc. ("Fedex")[3] (collectively, "Defendants"). All three actions allege infringement of U.S. Patent No. 5,778,178 (the "'178 patent"), U.S. Patent No. 6,212,556 (the "'556 patent"), and U.S.

---

[1] WebXchange Inc. v. Allstate Ins. Co. et al., C.A. No. 08-131-JJF. On November 12, 2009, the Court granted the Stipulated Dismissal With Prejudice of all claims, counterclaims, and causes of action with respect to this action. (D.I. 154.) Accordingly, the Motion To Bifurcate, And For Early Trial On, The Issue Of Inequitable Conduct and the Motion For Leave To File A Surreply will both be denied as moot with respect to this action.

[2] WebXchange Inc. v. Dell Inc., C.A. No. 08-132-JJF.

[3] WebXchange Inc. v. FedEx Corp. et al., C.A. No. 08-133-JJF.

Patent No. 7,340,506 (the "'506 patent") (collectively, the "patents-in-suit").  The patents-in-suit generally relate to methods and systems for enabling transactions on the internet.  (D.I. 97, at 10.)[4]  The '556 patent is a continuation-in-part of U.S. Patent No. 5,987,500, which is a divisional of the '178 patent.  (D.I. 88, at 3.)  The '506 patent is a continuation of the '556 patent.  (Id.)

The three actions were consolidated for purposes of discovery and claim construction.  (D.I. 16.)  The parties completed document production, contention interrogatories, and identification of fact witnesses on February 27, 2009.  (D.I. 88, at 2.)  Defendants filed the pending Motion To Bifurcate, And For Early Trial On, The Issue Of Inequitable Conduct on March 19, 2009.  Plaintiff filed the pending Motion For Leave To File Surreply on May 27, 2009.

## II. Parties' Contentions

By their Motion, Defendants ask the Court to exercise its discretion to bifurcate trial on the issue of inequitable conduct, as it applies to all Defendants, and to conduct a bench trial on inequitable conduct prior to any separate jury trials on other issues.  (D.I. 88, at 7-8.)  Defendants contend that the evidence of inequitable conduct by Dr. Lakshmi Arunachalam ("Dr. Arunachalam"), the named inventor of the patents-in-suit, is "so

---

[4]All docket references are to C.A. No. 08-132.

compelling" that bifurcating this issue serves Rule 42(b)'s objectives of convenience, avoiding prejudice, and expediting and economizing a resolution. (Id. at 8.) Specifically, Defendants contend that deciding the inequitable conduct defense first is appropriate because it is case dispositive, and a finding of inequitable conduct would prevent the need for further litigation of (allegedly) unenforceable patents. (Id. at 8-9.) Further, Defendants contend that the inequitable conduct defense is common to all Defendants, and thus, can be heard in a single bench trial. (Id. at 9.) Defendants also assert that bifurcation is appropriate because inequitable conduct can be decided in less time than the other issues of infringement, invalidity, and damages, it involves a narrower subset of discovery than these issues, and because it would "put a stop to [Dr.] Arunachalam's ongoing fraudulent conduct at the [United States Patent and Trademark Office] and mitigate consequent harm to the public interest." (Id. at 9-10.)

Plaintiff responds that bifurcating the issue of inequitable conduct is inappropriate for several reasons. (D.I. 97, at 8-9.) Plaintiff contends that the '556 patent is not implicated by Defendants' inequitable conduct defense, and that bifurcation would not eliminate the need for discovery and trial on the infringement and validity of this patent. (Id. at 12.) Further, Plaintiff contends that bifurcation does not promote judicial

3

efficiency because it is unlikely that the defense of inequitable conduct will succeed. (Id. at 14.) Accordingly, the parties would still need to proceed to jury trials on infringement and validity, which would involve the presentation of similar evidence. (Id. at 15.) Finally, Plaintiff contends that, in light of the unlikelihood of Defendants succeeding on the inequitable conduct defense, any further delay in the final disposition of these actions is prejudicial to Plaintiff. (Id.)

### III. Legal Standard

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a district court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The standard for bifurcation is well stated in Ciena Corp.:

> Under Rule 42(b) a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management. . . . Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. In deciding whether one trial or separate trials will best serve the above factors the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation.

Ciena Corp. v. Corvis Corp., 210 F.R.D. 519, 520-21 (D. Del. 2002) (internal citation omitted); see also Enzo Life Sci., Inc. v. Digene Corp., Civ. No. 02-212-JJF, 2003 U.S. Dist. LEXIS 10202, at *14-17 (D. Del. June 10, 2003). Thus, even if

4

bifurcation promotes judicial economy, the Court may decline to order separate trials if it would result in unnecessary delay, additional expense, or some other form of prejudice. <u>Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.</u>, 707 F. Supp 1429, 1433 (D. Del. 1989).

Although the Court has great discretion in deciding whether or not to bifurcate a case, bifurcation "remains the exception rather than the rule." <u>Spinturf, Inc. v. Sw. Rec. Indus.</u>, Civ. No. 01-7158, 2004 U.S. Dist. LEXIS 785, at *4 (E.D. Pa. Jan. 15, 2004)(<u>citing</u> <u>Real v. Bunn-O-Matic Corp.</u>, 195 F.R.D. 618, 620 (N.D. Ill. 2000)). Moreover, the Court "must preserve any federal right to a jury trial" when bifurcating a case. Fed. R. Civ. P. 42(b). Lastly, the party moving for bifurcation has the burden of establishing that it is appropriate. <u>See</u> <u>id.</u> at *3; <u>see also</u> <u>Princeton Biochems., Inc. v. Beckman Instruments, Inc.</u>, 180 F.R.D. 254, 256 (1997 D.N.J.).

### IV. Discussion

The Court will grant Plaintiff's Motion For Leave To File A Surreply.[5] Further, the Court concludes that bifurcation of the issue of inequitable conduct is not warranted, and accordingly, will deny Defendants' Motion.

---

[5] Defendants represent that they did not oppose Plaintiff's request to file a surreply to the bifurcation motion as long as Defendants were permitted to reply to the surreply. (D.I. 121, at 1.)

5

In patent infringement actions, bifurcating trials to hear inequitable conduct claims before determining, if necessary, claims of infringement or invalidity does not run afoul of the constitutional entitlement to a jury trial on those claims. See Agfa Corp. v. Creo Prods. Inc., 451 F.3d 1366, 1372-73 (Fed. Cir. 2006); Gardco Mfg. Co. v. Herst Lighting Co., 820 F.2d 1209, 1211-13 (Fed. Cir. 1987). However, in the Court's view, bifurcating Defendants' inequitable conduct defense and Plaintiffs' infringement and validity claims in these cases will not promote the efficient adjudication of the parties' disputes.

Defendants' contention that bifurcation will promote judicial economy is based on the assumption that Defendants will succeed in their inequitable conduct defense. Although the Court expresses no opinion on the relative strength of Defendants' inequitable conduct defense at this stage, Defendants must meet a high burden to be successful. See Larson Mfg. Co. of S.D. v. Aluminart Prods. Ltd, 559 F.3d 1317, 1326 (Fed. Cir. 2009)(holding that in order for a patent to be rendered unenforceable for inequitable conduct, an accused infringer must demonstrate by clear and convincing evidence that the applicant, with intent to mislead or deceive the USPTO, made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information). In light of this burden, the potential that duplicative evidence regarding

the alleged prior art will be presented at an inequitable conduct trial and at subsequent trials on infringement and invalidity weighs against bifurcation. See Willemijn, 707 F. Supp. at 1434 ("[A]n overlapping of issues is significant to the decision whether to bifurcate."). Specifically, the same prior art, certain published Internet Standards (the "RFCs"), is common to both an inequitable conduct defense and patent invalidity defenses. The Court is persuaded by Defendants' assertion that it must "present much of the same background testimony, including expert testimony, to describe the RFCs, to describe the scope of the patents-in-suit, and to compare and contrast the two as background" in order to establish that "the RFCs do not invalidate the patents and also to establish that they are not material to the patents." (D.I. 97, at 16.) Accordingly, bifurcating trial on the issue of inequitable conduct will not promote judicial efficiency.

## V.   Conclusion

For the reasons discussed, Plaintiff's Motion For Leave To File A Surreply will be granted, and Defendants' Motion To Bifurcate, And For Early Trial On, The Issue Of Inequitable Conduct will be denied.

An appropriate Order will be entered.