```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

WEBXCHANGE INC.,                      :
                                      :
         Plaintiff                    :
                                      :
    v.                                :   C.A. No. 08-133-JJF
                                      :
FEDEX CORPORATION, FEDEX KINKO'S      :
OFFICE & PRINT SERVICES, INC., and    :
FEDEX CORPORATE SERVICES INC.,        :
                                      :
         Defendants.                  :

---

Lawrence B. Goodwin, Esquire; Peter J. Toren, Esquire; Charlotte A. Pontillo, Esquire; Steven D. Chin, Esquire; Stefan R. Stoyanov, Esquire; and Eric J. Stieglitz, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, New York, New York.

Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Kara F. Stoll, Esquire; Joyce Craig, Esquire; and Jason W. Melvin, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, New York, New York.

Jeffrey A. Berkowitz, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, Reston, Virginia.

Frederick L. Cottrell, III, Esquire and Anne Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A. , Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

January 20, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants FedEx Corporation, FedEx Kinko's Office & Print Services Inc., and FedEx Corporate Services Inc.'s (collectively "FedEx") Motion For Leave To Amend Its Answer. (D.I. 145.) Plaintiff WebXchange Inc. ("WebXchange") opposes this motion in part, contesting paragraphs 13, 15, 42-45, 48-52, and 56-58. (D.I. 152 (quoting D.I. 145 Ex. B).) For the reasons discussed, Defendants' Motion will be granted.

## I. BACKGROUND

This is a patent infringement action brought by Plaintiff WebXchange against FedEx alleging infringement of U.S. Patent No. 5,778,178 (the "'178 patent"), U.S. Patent No. 6,212,556 (the "'556 patent"), and U.S. Patent No. 7,340,506 (the "'506 patent") (collectively, the "patents-in-suit").

On January 23, 2009, the Court issued a Scheduling Order (D.I. 99) directing the parties to file amendments to pleadings by January 10, 2009, and calling for document production, contention interrogatories, and identification of fact witnesses to be completed by February 27, 2009. On January 13, 2009, the Court granted Defendant leave to file its First Amended Answer. (D.I. 96, 97.) On December 30, 2009, the Court denied Defendants' Motion To Bifurcate, And For Early Trial On, The

1

Issue Of Inequitable Conduct, by which Defendant sought to have the inequitable conduct defense tried prior to issues of infringement and invalidity.  (D.I. 210, 211.)  A Markman hearing has not yet been held.

## II. LEGAL STANDARD

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing Fed. R. Civ. P. 15(a)).  The district court has discretion in granting a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "the court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities.  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  Amendment should ordinarily be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."  Foman, 371 U.S. at 182.

If a party moves for leave to amend the pleadings after a deadline imposed by a Scheduling Order, Rule 16 of the Federal

Rules of Civil Procedure is also implicated. Pursuant to Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). After a pleading deadline has passed, the Third Circuit requires a showing of good cause in order to amend. See E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000)(affirming district court's denial of motion for leave to amend because no showing of good cause to modify scheduling order was made); see also Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005)(citing E. Minerals to disagree with assertion that Third Circuit had not adopted the good cause requirement when ruling on motions to amend a pleading after a scheduling order deadline has passed). "Good cause" exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P 16(b)(4) Advisory Committee's Notes (1983 amendments). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." Roquette Freres v. SPI Pharma, Inc., C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

### III. PARTIES' CONTENTIONS

Defendants contend that the disputed proposed amendments of their Second Amended Answer merely add flesh to previously

3

discussed arguments. (D.I. 154.) FedEx defends the timing of its actions as being timely, despite the passage of the deadline to file amendments to pleadings, based on the its need to investigate and research within the context of an inequitable conduct claim and the drawn out schedule this case has been subject to. (D.I. 147.) Thus, Defendants argue that the proposed Second Amended Answer is proper because it does not prejudice Plaintiff and is not the result of a lack of diligence, meaning that it satisfies both Fed. R. Civ. P. 15 and 16.

Plaintiff counters that Defendants have failed to show good cause for failing to bring the disputed contentions of the Second Amended Answer in a timely manner. (D.I. 152.) WebXchange asserts that all of the necessary information for the instant proposed amendment was available to FedEx by at least August 2008, which was five months before the deadline to amend pleadings. (Id.) Additionally, Plaintiff argues that paragraph 50 of the amendment should be denied as futile because it relates to an engineer who has not been shown to be related to the process of patenting the patents-in-suit. (Id. at 7-8.)

FedEx replies with its prior arguments and emphasizes that WebXchange has not argued that it will face any prejudice through the proposed amendment. (D.I. 154.)

## IV. DECISION

### A. Rule 16(b)

The Court concludes that Defendants have demonstrated good cause to file its Second Amended Answer, and that the amendments could not have been made before the January 10, 2009 pleading deadline, despite Defendant's diligence. Paragraphs 13 and 15 of the Second Amended Answer relate to inequitable conduct allegations based on Dr. Arunachalam's purported failure to disclose certain Internet Standards as prior art references during prosecution of the patents-in-suit. Plaintiff contends these proposed amendments are based on information obtained from the patents-in-suit and their prosecution histories, not on documents that Plaintiff filed with the PTO in February and March 2009. Upon review of the February 13, 2009 and March 9, 2009 disclosure statements filed by Plaintiffs with the PTO (D.I. 147, Exs. 1-4); however, the Court is satisfied that the proposed amendments are responsive to Plaintiff's representations in these disclosures. Accordingly, good cause exists with regard to Paragraphs 13 and 15.

Good cause similarly exists with regard to Paragraphs 42-45, and 48-52 of the Second Amended Answer, which relate to inequitable conduct allegations based on Dr. Arunachalam's purported failure to disclose CORBA references to the USPTO during prosecution of the patents-in-suit. Plaintiff contends

5

that the business plans it produced in August 2008 contained references to a book published in 1998 by Bob Orfali and Dan Harkey (the "Orfali book") and to CORBA generally, and thus, that Defendants were aware of the Orfali book months before the pleading deadline. (D.I. 152 at 7.) Upon review of Plaintiff's business plans (D.I. 147, Ex. 6), the Court finds they do not contain sufficient information upon which Defendants could have pleaded inequitable conduct based on Dr. Arunachalam's knowledge of the Orfali book and her failure to disclose it as prior art with respect to the '556 patent. See Enzo Life Sci., Inc. v. Digene Corp., 270 F. Supp. 2d 484, 487 (D. Del. 2003) (stating that Rule 9(b) requires that claims of inequitable conduct in patent cases be pled with particularity). Rather, the Court is persuaded that Defendants did not possess evidence that would link the book to development of the patents-in-suit until Plaintiff's February 27, 2009 document production.

**B.    Rule 15(a)**

Turning to Rule 15(a), the Court first concludes that the proposed amendment in Paragraph 50[1] is not futile. Amendment of a complaint is futile if it fails to state a claim upon which

---

[1] Paragraph 50 alleges that "At least one WebXchange engineer took a course given by at least one of the authors of the 1998 Orfali book. The same engineer was at least partially responsible for implementing functionality both claimed in the 556 patent and taught by the Orfali book." (D.I. 145 Ex. A ¶ 50.)

relief can be granted. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997)(citing <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996)). In determining the futility of a proposed amendment, the Court must apply the same standard of legal sufficiency as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Id.</u> If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." <u>Harrison Beverage Co. v. Dribeck Imp., Inc.</u>, 133 F.R.D. 463, 468-69 (D.N.J. 1990)(citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1487 (2d ed. 1990)).

Plaintiff contends that Paragraph 50 is futile because an engineer's knowledge cannot be imputed to the inventor for purposes of 37 CFR 1.56's disclosure requirements. (D.I. 152 at 8.) However, Plaintiff's reliance on <u>Matshushita Elec. Indus. Co. v. Cinram Int'l, Inc.</u>, 299 F. Supp. 2d 348 (D. Del. 2004), is misplaced. <u>Matshushita</u> involved a plaintiff's motion for summary judgment on a defendant's inequitable conduct defense. <u>Id.</u> The motion was granted, and no inequitable conduct found, because the inventor instructed engineers to search for patents relevant to his research, but "the court [found] no evidence of record to show either that [the inventor] knew of [the relevant patents] or that he intentionally withheld them from the PTO." <u>Id.</u> at 360-

7

61.  Unlike in Matshushita, factual determinations about the extent of Dr. Arunachalam's knowledge of the Orfali book and whether or not the Orfali book was intentionally withheld from the PTO are not appropriate at this stage of the litigation. Moreover, the Second Amended Answer does not merely rely on Paragraph 50 to allege Dr. Arunachalam's knowledge of the Orfali book.  Rather, Defendants plead that Dr. Arunachalam "possessed a copy of or knew of the 1998 Orfali book," and "knew that the 1998 Orfali book described the features of CORBA." (D.I. 145 Ex. A ¶¶ 43, 44.)  Accordingly, the Court concludes that inequitable conduct claim is not futile because the factual allegations of inequitable conduct are enough to raise a right to relief above the speculative level, and the claim is plausible on its face.

Further, the Court concludes that Plaintiff will not be unduly prejudiced by the Second Amended Answer.  In order to prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)(citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 426 (3d Cir. 1981)).  Contrary to Plaintiff's assertion that the Second Amended Answer contains "new" inequitable conduct defenses, the Court concludes that the amendments pertain to two inequitable conduct theories previously

8

alleged in the First Amended Answer: Dr. Arunachalam's purported failure to disclose certain Internet Standards to the PTO during prosecution, and Dr. Arunachalam's purported failure to disclose CORBA references to the PTO during prosecution.

Finally, in rejecting Plaintiff's contentions of undue prejudice and granting Defendant's Motion To Amend, the Court is mindful of the procedural posture of this case.  No <u>Markman</u> hearing has been conducted, no trial date has been set, and the close of both fact and expert discovery are tied to the issuance of a claim construction Order.  (<u>See</u> D.I. 99.)

Accordingly, the Court concludes that Defendant should be granted leave to file its Second Amended Answer.

## V. CONCLUSION

For the reasons discussed, Defendants' Motion For Leave To Amend Its Answer will be granted.

An appropriate Order will be entered.

9