```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

WEBXCHANGE INC.,                    :
                                    :
          Plaintiff                 :
                                    :
     v.                             :   C.A. No. 08-133-JJF
                                    :
FEDEX CORPORATION, FEDEX KINKO'S    :
OFFICE & PRINT SERVICES, INC., and  :
FEDEX CORPORATE SERVICES INC.,      :
                                    :
          Defendants.               :

Lawrence B. Goodwin, Esquire; Peter J. Toren, Esquire; Charlotte A. Pontillo, Esquire; Steven D. Chin, Esquire; Stefan R. Stoyanov, Esquire; and Eric J. Stieglitz, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, New York, New York.

Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Kara F. Stoll, Esquire; Joyce Craig, Esquire; and Jason W. Melvin, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, New York, New York.

Jeffrey A. Berkowitz, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, Reston, Virginia.

Frederick L. Cottrell, III, Esquire and Anne Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A. , Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

January 20, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Defendants FedEx Corporation, FedEx Kinko's Office & Print Services Inc., and FedEx Corporate Services Inc.'s (collectively "FedEx") Motion To Strike Plaintiff's Third Supplemental Response To FedEx's Interrogatory No. 1 And For A Protective Order (D.I. 172) and Motion For Leave To File A Surreply In Opposition To WebXchange Inc.'s Motion To Compel FedEx Deposition Testimony. (D.I. 202.) And Plaintiff WebXchange Inc.'s ("WebXchange") Motion To Compel FedEx Deposition Testimony. (D.I. 175.) For the reasons discussed, Defendants' Motions will be denied and Plaintiff's Motion will be granted in part and denied in part.

## I. BACKGROUND

This is a patent infringement action brought by Plaintiff WebXchange against FedEx alleging infringement of U.S. Patent No. 5,778,178 (the "'178 patent"), U.S. Patent No. 6,212,556 (the "'556 patent"), and U.S. Patent No. 7,340,506 (the "'506 patent") (collectively, the "patents-in-suit").

The instant motions relate to WebXchange's contentions of infringement, particularly FedEx's "shipping" system. On January 23, 2009, the Court issued a Scheduling Order (D.I. 99) directing the parties to file amendments to pleadings by January 10, 2009, and calling for document production, contention interrogatories,

and identification of fact witnesses to be completed by February 27, 2009. Of particular relevance to the instant motions, the Order required Plaintiff to provide clarification of its infringement contentions as requested by Defendants' Interrogatory No. 1. On February 27, 2009, WebXchange served FedEx with its supplemental infringement contentions ("Second Supplement"). (D.I. 174 Ex. D.) WebXchange served its Rule 30(b)(6) deposition notice on April 16, 2009 (Id. at Ex. F) and the parties agreed that the deposition would be limited to the "accused systems." However, there has not been an agreement on what the accused systems constitute. Both parties include "Tracking," "Address Verification," and "Printing," but FedEx contends that WebXchange's proposed forth system, "Shipping," is not included.

Shipping is disputed because the parties do not agree on whether it was properly stated within the infringement contentions. FedEx contends that "Shipping" was not disclosed in the Second Supplement, and was only listed in the untimely Third Supplement, served eight months too late. (D.I. 174.) In contrast, WebXchange argues that "Shipping" was disclosed in the Second Supplement and that it was only clarified with information that had previously been unavailable, in the Third Supplement.

Within this context, both parties have filed a motion seeking to have this matter decided in its favor.

## II. DEFENDANTS' MOTION TO STRIKE AND FOR A PROTECTIVE ORDER

### A. Background and Parties' Contentions

Defendants' Motion To Strike And For A Protective Order specifically seeks to limit Plaintiff to the infringement contentions stated in the Second Supplement (i.e. not shipping) and to receive a protective order prohibiting Plaintiff from raising the issues outside of the scope of the Second Supplement at the Rule 30(b)(6) deposition. (D.I. 174.) FedEx argues that the Second Supplement did not list "Shipping" as an asserted system and that the Third Supplement is untimely and prejudicial and thus should be struck. (Id.)

Plaintiff responds that no such limitation is proper because it did properly identify "Shipping" as an infringing system in the Second Supplement and because the Third Supplement was timely. WebXchange looks to several sentences in the Second Supplement that use the word shipping to support this contention. (D.I. 183 at 3-4.) Lastly, Plaintiff contends that FedEx failed to deliver the relevant source code in a timely manner as was required and that delay is what led to the lack of specificity in the Second Supplement and the need for a later, but still timely Third Supplement. (Id.) FedEx disputes the contention that the source code was not disclosed in a timely manner. (D.I. 197.)

### B. Legal Standard

If a party fails to properly disclose discovery materials,

4

as would be the case in an untimely supplementation to an interrogatory, the materials in question may be excluded.

> Breaches of duty to supplement pursuant to Rule 26(e) are addressed by Rule 37(c)(1) which provides, in pertinent part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Lab. Skin Care, Inc. v. Ltd. Brands, Inc., Civ. No. 06-601-JJF, 2009 U.S. Dist. LEXIS 95868, *5-6 (D. Del. Oct. 14, 2009). Additionally:

> In determining whether a failure to disclose is harmless courts consider such factors as: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the "Pennypack factors").

Boehringer Ingelheim Int'l GMBH v. Barr Labs. Inc., Civ. No. 05-700-JJF, 2008 U.S. Dist. LEXIS 53475, *4-5 (D. Del. July 15, 2008)(citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-905 (3d Cir. 1977)).

Lastly, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of wilful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Konstantopoulos, 112 F.3d at 710 (quoting Meyers, 559 F.2d at 905).

5

### C. Decision

It is debatable whether the Second Supplement listed shipping as an asserted system; however, because the Court concludes that any potential untimeliness by Plaintiff in submitting the Third Supplement was harmless error, the Second Supplement does not need to be addressed. Although the issue of shipping is important, there is minimal prejudice and surprise caused by any delay in discussing it. The parties have discussed the issue extensively which eliminates any unfounded surprise. Additionally, there is minimal prejudice to FedEx based on the current schedule of the case which provides ample time for investigation and discovery. There is no indication of bad faith to alter the analysis. Lastly, the dispute between the parties regarding the disclosure of the relevant source code provides a legitimate reason for WebXchange's time-line.

Defendants do cite to several cases in which evidence was excluded. (See D.I. 174 at 9 (citing AMEX, LLC v. Mopex, Inc., 215 F.R.D. 87 (S.D.N.Y. 2002); Astrazenca AB v. Mutual Pharm. Co., 278 F. Supp. 2d 491, 508 (E.D. Pa. 2003).) These cases are distinguishable from the present case. In both cases cited by Defendants,' evidence was excluded because it was presented after the close of discovery and that timing was the source of the substantial prejudice. In this case discovery has not yet closed and there is substantial time for investigation, eliminating

prejudice.

When this evaluation of the case based on the Pennypack factors is coupled with the general Third Circuit precedent highly disfavoring the exclusion of evidence, the Court concludes that Defendants' Motion To Strike And For A Protective order should be denied.

### III. PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY

#### A. Background

The instant Motions, to Compel and for Leave to File a Surreply, regard the inverse of the motion discussed above, they relate to Plaintiff seeking the Court to Compel Defendants to provide testimony regarding the shipping component. As the Court has already determined that the issue of "Shipping" has been properly listed as an infringement contention through the Second and Third Supplements, see supra, that issue will not be re-analyzed here. Thus, the remaining issue is whether FedEx should be compelled to provide deposition testimony regarding its "shipping" system and whether Plaintiff's request for costs and fees is appropriate.

#### B. Motion To File A Surreply

Defendants filed a Motion For Leave To File A Surreply In Opposition To WebXchange Inc.'s Motion To Compel FedEx Deposition Testimony. (D.I. 202.) After reviewing the proposed surreply

and the briefings the Court will deny the Motion to File a Surreply.  Because the Court has determined that the issue of "Shipping" has been listed with the infringement contentions, the proposed surreply does not provide any clarification or missing facts that would illuminate issues for the Court.

### C. Motion To Compel Testimony

The majority of the parties' arguments regarding the Motion To Compel Testimony (D.I. 175) relate to the dispute about whether the issue of shipping was properly identified in the infringement contentions.  Because that issue has already been determined, those arguments do not need to be addressed.  However, when those arguments are removed from the issue, no significant issue remains.  Outside of the now moot arguments, Defendants do not present any substantial argument why the Rule 30(b)(6) deposition should not address the issue of shipping.  Because FedEx has not provided a reason for limiting the discussion of shipping in the deposition, the Court concludes that no such limitation is proper.  Therefore, the Court will grant Plaintiff's motion as it relates to the motion to compel.

### D. Motion For Costs And Fees

Within Plaintiff's Motion To Compel, WebXchange included a Motion for Costs and Fees associated with the Motion To Compel. (D.I. 175.)  Plaintiff asserts that it is entitled to "reasonable costs and expenses incurred in making this motion under Rule

37(A)(5)." (D.I. 177 at 6.)

Fed. R. Civ. P. 37(A)(5) states that if a motion to compel discovery is successful, the Court must require the party that created the need for the motion to pay reasonable costs and fees unless, "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

The Court concludes that an award of damages and costs is not justified in this situation. Although Plaintiff was successful in its Motion To Compel, Defendants were substantially justified in taking the position of opposition based upon the legitimate dispute on whether "Shipping" has been listed as an infringement contention. Thus, the Court will deny Plaintiff's Motion For Costs and Fees. (D.I. 175.)

## IV. CONCLUSION

For the reasons discussed Defendants' Motions, To Strike Plaintiff's Third Supplemental Response To FedEx's Interrogatory No. 1 And For A Protective Order (D.I. 172) and For Leave To File A Surreply In Opposition To WebXchange Inc.'s Motion To Compel FedEx Deposition Testimony (D.I. 202) will be denied; and Plaintiff's Motion To Compel FedEx Deposition Testimony (D.I.

175) will be granted in part and denied in part.

An appropriate order will be entered.