IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WEBXCHANGE INC., :
:
       Plaintiff, :
:
  v. : C.A. No. 08-133-JJF
:
FEDEX CORPORATION, FEDEX KINKO'S :
OFFICE & PRINT SERVICES, INC., and :
FEDEX CORPORATE SERVICES INC., :
:
       Defendants. :

### MEMORANDUM ORDER

Presently before the Court is a dispute between Plaintiff WebXchange Inc. and Defendant FedEx Corporation ("Defendant") concerning the scope of the Court's January 23, 2009 Scheduling Order (D.I. 99), as it applies to third party discovery.

**I. BACKGROUND**

Briefly, the current dispute has arisen because Defendant issued document subpoenas in connection with upcoming third party depositions. (D.I. 224.) In the Northern District of California, Plaintiff filed a Motion To Quash Deposition Subpoenas issued by Dell Inc.[1] in that district. Magistrate Judge Larson denied the Motion on February 22, 2010, and ordered that Dell, Inc. (the deposing party) may accept production of the

---

[1] Dell, Inc. is also being sued by WebXchange, Inc. in this Court. <u>WebXchange v. Dell, Inc.</u>, 08-132-JJF. Because both actions involve the alleged infringement of the same patents, they have been consolidated for purposes of discovery and claim construction. (D.I. 16.)

third party documents on a tentative basis, and may ask questions regarding the non-duplicative documents on a separate record that could be stricken if this Court sustains WebXchange's objections to third party document production. (D.I. 224.)

**II. PARTIES' CONTENTIONS**

Defendant contends that Plaintiff is trying to block the third party depositions (id.), but Plaintiff responds that it merely wants the third party depositions to proceed after resolution of the document subpoena issue (D.I. 225). With regard to the Scheduling Order, Plaintiff contends that the document discovery deadline applies to the parties to the litigation, as well as to third parties. (Id.) Thus, under Plaintiff's interpretation, the deadline for Defendant to issue document subpoenas to third parties has long since passed. Defendant contends that the deadline for fact discovery from third parties, including document requests related to third party depositions, is governed by the deadline for fact depositions, which has not yet passed. (D.I. 224.)

**III. DISCUSSION**

In relevant part, the Scheduling Order reads:

4(b).   Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed **by February 27, 2009.**

\*\*\*

4(f).   Fact depositions shall be noticed in time to be completed **no later than August 24, 2009, or thirty (30) days after the issuance of the Court's**

**Markman decision, whichever is later.**

(D.I. 99.)  As both parties note, the Scheduling Order is silent with respect to deadlines for third party discovery.  The Scheduling Order, as issued, will remain in effect.  However, the parties are cautioned that the fact deposition deadline, which has not yet passed, should not be used to circumvent the document production deadline and to obtain documents that properly should have been requested prior to that deadline.  In the context of third party depositions, the Court concludes that the parties may obtain documents from third party deponents which are related to their upcoming depositions.

March 9, 2010
DATE

[signature]
UNITED STATES DISTRICT JUDGE