## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

November 30, 2010

The Honorable Sue L. Robinson
United States District Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**BY E-FILING**

**ATTACHED TRANSCRIPT
FILED SEPARATELY UNDER SEAL**

Re: *WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132 (SLR)
*WebXchange Inc. v. Fedex Corporation, et al.*, C.A. No. 08-133 (SLR)

Dear Judge Robinson:

      Pursuant to the Court's request, enclosed with this letter is the November 12, 2009 deposition transcript of FedEx's 30(b)(6) witness, Joel Neely. The transcript is highlighted to show where Mr. Neely was not prepared or otherwise failed to answer numerous questions.

      Mr. Neely was FedEx's 30(b)(6) witness concerning FedEx's tracking system, one of the systems accused of infringing WebXchange's patents in this case. The topics of the deposition included the development, structure, operation, and functionality of the accused system. To assist FedEx in identifying and preparing a 30(b)(6) witness, and in an effort to streamline the discovery process, WebXchange identified the majority of the source code that it intended to use as exhibits in July 2009, well in advance of the November deposition. Despite this advance notice, Mr. Neely testified that he was only prepared to discuss the FedEx tracking functionality in a "general sense." Neely Tr. 32:1-21, 33:5-10.

      WebXchange needs 30(b)(6) testimony to establish what portions of the FedEx source code are used in its tracking system, and how and why the source code implements the system. *See, e.g., 3Com Corp. v. D-Link Sys, Inc.*, No. C 03-2177 VRW, 2007 U.S. Dist. LEXIS 26540, at *15 (N.D. Cal. Mar. 27, 2007) (ordering defendant to produce Rule 30(b)(6) designees to be deposed on accused products, including the source code). WebXchange's expert witness necessarily will rely on such information.

      FedEx's 30(b)(6) deposition suffered from two separate deficiencies. First, less than 24 hours before the deposition, FedEx produced an additional 1,175 pages (255 files) of

The Honorable Sue L. Robinson
November 30, 2010
Page 2

code concerning the tracking system.[1] Further, Mr. Neely was unprepared to answer questions about the functionality of the system. For example, Mr. Neely did not know whether the code had been used, which was the latest version of the code, or what the code did, including for code files that WebXchange identified specifically to aid the deposition. (*See, e.g.* Neely Tr. at pp 99, 172-77 (repeatedly testifying that he didn't know whether particular modules were "deployed," or if they had been updated or replaced); *id.* at 80:20-82:9 (he didn't know whether separate modules of the code were "deployed together.")) *See also*, pages 81-84, 99, 101-03, 105, 117-23, 132, 137, 139, 166-77, 241-42.

In an attempt to remedy the deficiencies in FedEx's testimony, counsel for WebXchange and FedEx conferred, and agreed that WebXchange would serve written deposition questions on FedEx.[2] This procedure offers numerous advantages. In a deposition by written question, the witness appears before a court reporter and responds verbally to the questions—but knows what the questions are in advance, which allows the witness to prepare ahead of time. (Notably, the process is quite different from answering interrogatories, contrary to the representations made by FedEx at the discovery hearing.) The process is also more cost effective.

WebXchange's noticed deposition by written questions included questions about FedEx's newly produced code, as well as questions about previously-produced code that Mr. Neely was unprepared to answer in person. FedEx did not object to the nature of the discovery. Further, FedEx agreed to provide the requested testimony as it related to the newly produced code. The only dispute is whether FedEx will provide testimony that relates to the earlier-produced source code. FedEx's only basis for refusing to answer such questions is that it already provided a witness on the topic. But as can be seen from the attached transcript, Mr. Neely did not answer the questions. FedEx's proffered witness did not satisfy FedEx's obligation to provide discovery about its accused system.

Accordingly, WebXchange respectfully requests that FedEx be ordered to provide answers to all of the written deposition questions. In the alternative, WebXchange requests that FedEx be ordered to produce a 30(b)(6) witness to testify about its "tracking" systems.

---

[1] According to FedEx's counsel (letter from J. Melvin to S. Stoyanov of Nov. 11, 2009), this code was produced in response to WebXchange providing FedEx with two screen shots showing the basic FedEx web pages used in the FedEx tracking system. (These screen shots were provided at FedEx's request.) The code, to the extent it is used in the FedEx tracking system, should have been produced months earlier, in response to WebXchange's original document requests. Moreover, the notion that FedEx was surprised by the provision of the screen shots of the basic tracking system web page, when the subject of the deposition was the accused tracking system, cannot be correct.

[2] During a break from the deposition, counsel for FedEx and WebXchange discussed the issues that had arisen during Mr. Neely's deposition, and counsel for FedEx also offered to bring the witness back for another session. Neely Tr. 121:11-20.

The Honorable Sue L. Robinson
November 30, 2010
Page 3

                                      Respectfully,

                                      */s/ Julia Heaney (# 3052)*

                                      Julie Heaney (#3052)

JH:ncf

cc:    Clerk, U.S. District Court (by hand delivery)
        Lawrence B. Goodwin (by e-mail)
        Richard L. Horwitz (by e-mail)
        David E. Moore (by e-mail)
        Frederick L. Cottrell, III (by e-mail)
        Anne Shea Gaza (by e-mail)

3921664