

Anne Shea Gaza
Counsel
302-651-7539
Gaza@rlf.com

December 8, 2010

**VIA CM/ECF FILING & HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court for
 the District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    <u>WebXchange, Inc. v. FedEx Corp., et al.,</u> CA No. 08-133-SLR

Dear Judge Robinson:

      FedEx respectfully submits this letter in response to WebXchange's arguments presented in its correspondence to the Court dated November 30, 2010. D.I. 266.

      Submitted three weeks after the hearing at which Your Honor requested a copy of the Neely transcript, WebXchange included with its transmission of the transcript additional arguments in what was expected to be only a brief transmittal letter. 11/09/2010 Hrg. Tr. at 35:15-19 (Ex. A). In its submission, WebXchange paints a counterfactual picture of the 30(b)(6) deposition at issue. The 30(b)(6) deposition at issue concerned an accused FedEx tracking system that WebXchange has accused of infringing the patents-in-suit, *i.e.*, a system that uses of "web services" or SOAP-XML messages.

      Regarding the source code corresponding to the screen shots that WebXchange sent to FedEx shortly before the deposition, FedEx has explained to WebXchange that the source code for the screen shots is not relevant to this case because it does not involve the use of "web services" or SOAP-XML messages, as WebXchange has accused. FedEx 11/5/2010 letter at 1. While WebXchange may want to explore irrelevant aspects of FedEx's systems, it is improper to assert that all of FedEx's systems are part of this case. Indeed, WebXchange agrees that the subject of the deposition "was the accused tracking system." D.I. 266 at 2 n.1.

      WebXchange suggests that counsel for FedEx agreed to answer WebXchange's written questions and to a further follow-up oral deposition. *Id.* at 2 and n.2. Counsel for FedEx, however, did not agree to respond to WebXchange's written questions sight unseen. Rather, counsel for FedEx agreed to consider answering the written questions as an alternative to additional deposition time to which FedEx had already agreed. FedEx agreed to the additional deposition time for the limited scope of the source code that WebXchange asserts it did not have sufficient time to explore and how that source code may interact with the rest of the accused tracking system. FedEx 11/12/2009 letter (Ex. B); FedEx 11/5/2010 letter at 2 (Ex. C); 11/09/2010 Hrg. Tr. at 29:21-24 (Ex. A).

For the first time almost a year after the deposition, WebXchange asserted that FedEx's witness was not prepared during the deposition. This accusation is nothing more than an opportunistic attempt to obtain more deposition time than it is entitled to. WebXchange fabricated this charge at the eleventh hour before the Hearing on November 9, 2010, to strong-arm FedEx to drop its objection to WebXchange's demands for (i) answers to the written questions, (ii) a do-over of a deposition that counsel was simply not prepared for, and (iii) payment by FedEx of all expenses for an additional 30(b)(6) deposition in Memphis.

As the deposition transcript reveals, however, Mr. Joel Neely has worked for FedEx for sixteen years. Neely 11/12/2009 Tr. at 26:18-21 (D.I. 267). During this time Mr. Neely designed and developed FedEx source code for FedEx computer systems. *Id.* at 29:20-30:21. Mr. Neely explained that virtually everything he has done at FedEx related to FedEx's package tracking. *Id.* at 29:20–30:6. Mr. Neely also testified that he spent as much as 60 hours preparing for the 30(b)(6) deposition, including a detailed review of source code produced to WebXchange concerning the accused tracking system. *Id.* at 9:20-10:15. In summary, Mr. Neely is a company veteran with first-hand knowledge of FedEx's tracking systems, and anything he was not already familiar with from his day-to-day activities he spent substantial time reviewing in preparation for the deposition.

WebXchange, on the other hand, wasted considerable time on questions more properly suited for an expert witness and now seeks to use written questions to substitute for questions it could have and should have asked the witness. Specifically, WebXchange presented FedEx's designated fact witness with hypothetical exhibits that WebXchange had fabricated and sought testimony over FedEx's objection regarding the exhibits.

One fabricated exhibit, Neely Deposition Exhibit 30, purported to arrange various elements of FedEx's computer systems according to how WebXchange would like to view them. Neely Tr. at 184:12-17. WebXchange's counsel referred to the exhibit as a "pieced-together diagram." *Id.* at 206:16. A significant problem with WebXchange's diagram, as FedEx's witness explained, was that it omitted components required for the function of FedEx's system. *Id.* at 194:1-10. *See also* Neely Deposition Exhibit 20, Neely Tr. at 140:11-18. Despite the fact that Neely Deposition Exhibit 30 did not accurately represent FedEx's systems, WebXchange's counsel continued to ask questions about a "modified Exhibit 30," notwithstanding that no such modified exhibit was available to the witness. *E.g.*, Neely Tr. at 231:21-232:8.

For these reasons, as well as those discussed during the hearing on November 9, 2010, FedEx respectfully requests that, should the Court grant WebXchange additional time for a 30(b)(6) deposition on the accused tracking system, WebXchange be required to limit any additional deposition questions to the source code that WebXchange asserts it did not have sufficient time to explore, namely source code produced November 11, 2009, and how that source code interacts, if at all, with the rest of the accused tracking system.

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza (#4093)

ASG/afg
Exhibits A-C

cc: Jack B. Blumenfeld, Esquire (By Electronic Mail)
Lawrence B. Goodwin, Esquire (By Electronic Mail)
Richard L. Horwitz, Esquire (By Electronic Mail)
Christopher V. Ryan, Esquire (By Electronic Mail)
Jeffrey A. Berkowitz, Esquire (By Electronic Mail)